EGNER v. STRONG.

(Supreme Court, Appellate Term. April 27, 1906.)

ACCOUNT STATED—ACTION—EVIDENCE.

Where a stockbroker carried stocks on margin for plaintiff's assignor, a mere statement that there was a balance in the latter's favor did not evidence the existence of a defined debt due from the broker to such assignor, in the absence of evidence of authority from the assignor to sell the stock, and a sale thereof by the broker.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Frederick Egner against Cyrus H. Strong. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

George F. Maguire, for appellant.

Randall H. Ludlow, for respondent.

BISCHOFF, J. We cannot uphold this recovery upon the evidence disclosed by the return. The plaintiff's assignor, Brewer, dealt with the defendant as a customer for whom stocks were carried on margin, and the action was brought for an amount based upon an alleged verbal statement of account. This essential fact of a statement of a balance depends simply upon Brewer's testimony that some person in the defendant's office had told him, in response to his inquiry, that there was a balance in his favor of the sum now in suit; but there is no suggestion that the customer had ordered his stocks disposed of before this conversation, or directed that the account then be closed to realize the balance stated. Clearly, from every indication which the proof affords, the statement of balance referred to an account of stocks then carried for the customer upon margin, not to a cash balance upon such an account, actually liquidated, and, without some order from the customer to dispose of the holdings, the statement did not evidence the

existence of a defined debt due from the broker to the customer. The apparent balance represented the difference between the market value of the stock carried and the broker's charges upon it, but, without the customer's order to sell, the value of the stock could not be realized by the broker, and the debt was therefore in no way determined by the alleged statement, assuming it to have been made by one having authority to bind the defendant.

Upon this question of agency, much of the evidence was objectionable, as substituting the conclusion of the witness for the fact from which authority might be inferred, and this fact of authority in the unidentified person who made the statement was, to say the least, far from clear.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.