GEORGE P. LANGFORD, Respondent, v. LEVI A. FESSENDEN, Appellant.

First Department, March 7, 1924.

Principal and agent — action by customer to compel stockbroker to account — court, without reference, ordered judgment for plaintiff without notice to defendant that it would take and state account — defendant deprived of day in court except on question of accounting — judgment reversed and interlocutory judgment for accounting ordered.

Where, in an action by a customer against a stockbroker to obtain an accounting, the only question really litigated was whether the plaintiff had authorized the defendant to buy a total of 250 shares as contended by the plaintiff, or 400 shares as contended by the defendant, the court, without a reference and without notice to the defendant that it would take and state the account, ordered judgment for the plaintiff, the defendant was deprived of his day in court beyond the issue as to whether there should be an accounting, and, therefore, the judgment should be reversed and an interlocutory judgment entered compelling defendant to account for 250 shares.

APPEAL by the defendant, Levi A. Fessenden, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of March, 1923, upon the decision of the court rendered after a trial at the New York Special Term.

*James D. Fessenden,* for the appellant.

*Taylor, Knowles & Hack* [*Robert B. Knowles* of counsel; *Sinclair Howard Armstrong* with him on the brief], for the respondent.

FINCH, J.:

This action was brought to obtain an accounting, the complaint alleging that plaintiff had intrusted the defendant with $7,000 with which to purchase 250 shares of Distillers Securities stock, 100 shares of which were purchased at forty-six and five-eighths, 50 shares at forty-one and seven-eighths and 100 shares at twenty-one and one-fourth, and instructed defendant to sell the stock at seventy-six and one-fourth; that defendant rendered an account on the basis of 100 shares bought at twenty-one and one-fourth and sold at seventy-six and one-fourth, and paid plaintiff $5,800.08 on that basis. Plaintiff demands a full accounting.

Upon the trial the defendant claimed that he had purchased at plaintiff's request 300 shares prior to the last lot of 100 shares; that the market slumped, and he notified the plaintiff that the brokers had put a stop order against the stock (which was being

carried on margin), and that by reason of the market price reaching the stop, the 300 shares were closed out and the $6,000 which plaintiff had put up as margin was lost, including $1,400 which defendant had advanced; that plaintiff subsequently put up $1,000 more for the purchase of 100 shares, for which defendant had accounted.

Upon the trial the only question really litigated was whether the plaintiff had authorized the defendant to buy a total of 250 shares as contended by the plaintiff or 400 shares as contended by the defendant. In support of his contention on this issue, the defendant produced a statement of account made up upon the basis of his contention that the plaintiff had ordered the purchase of 400 shares. The court reserved decision and gave judgment for the plaintiff, determining the issues of fact in favor of the plaintiff, and stating: " There seems to be no need of entering an interlocutory judgment here. I am persuaded that the plaintiff has a just claim, and judgment will be entered in his favor for $13,262.42, which is somewhat less than must be found by a referee, if one were appointed, but the plaintiff should be satisfied in view of the elimination of the reference."

It is clear that the plaintiff was entitled to an accounting, and the decision of the court as to the number of shares for which the plaintiff was entitled to an accounting is not against the weight of the evidence. It is equally clear that the defendant has never had his day in court beyond the issue as to whether there should be an accounting. This is what the complaint prayed for and all that this record shows the parties were trying. The court in a laudable effort to save the expense of a reference has endeavored to do substantial justice, but the defendant was never even notified that the court itself would take and state the account, and hence the defendant has not been heard on the accounting itself.

One of the issues to be determined in connection with the accounting is the time when the plaintiff received notice of the closing of the account by the sale of the stock. If such account was closed, whether rightly or wrongly, the measure of damage of the plaintiff would be the " difference between the price at which the stock was wrongfully sold and the highest market price at which like stock was sold in the open market within a reasonable time thereafter." (*Burhorn* v. *Lockwood,* 71 App. Div. 301.) While there is a finding relating to demanding additional security or margin, which might be held to involve this question, yet it does not do so clearly, and as this is one of the questions to be determined upon the accounting itself, the defendant can rightly urge that he has not had his day in court upon this question.

The judgment should be reversed, with costs, and all the findings

should be reversed which do more than lead to a judgment compelling defendant to account for 250 shares, and an interlocutory judgment to that effect entered, with costs.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment reversed, with costs, and interlocutory judgment for accounting ordered, with costs. Settle order on notice.