UNITED STATES TRUST COMPANY OF NEW YORK, as Ancillary Administrator, etc., Plaintiff, *v.* ERNEST T. GREINER and Others, Defendants.

Supreme Court, New York Special Term, January 5, 1925.

Accounting — action for accounting of property held in fiduciary capacity and transferred without authority — adequate remedy at law no defense — pleadings — parties — non-joinder or misjoinder not defense under Civil Practice Act, § 192 — Civil Practice Act applies to party brought in by supplemental summons after act took effect — Civil Practice Act, §§ 1568 and 1569, applied — objection of defect of parties not limited by Rules of Civil Practice, rule 105, to twenty days after service of complaint — court may subsequently entertain such motion under Civil Practice Act, § 192 — counterclaim in action for accounting stricken out.

In an action to compel an accounting of property held by one of defendants in a fiduciary capacity and transferred to the other defendant without authority of the principal, it is no defense that the plaintiff has an adequate remedy at law, for the plaintiff may proceed either at law or in equity.

It is not a defense under section 192 of the Civil Practice Act that the plaintiff is not the real party in interest, for that section provides that new parties may be added or substituted by order of the court at any stage of the cause as the ends of justice may require, and while that question may now be raised, it is not a defense that may defeat a recovery.

Under section 1569 of the Civil Practice Act, the act applies to a defendant brought in by a supplemental summons and complaint after the date of the taking effect of the act, where the cause of action in the original complaint did not involve or apply to the new defendant, for section 1568 of the Civil Practice Act provides that for the purpose of determining whether the act applies to an action it shall not be deemed to have been commenced if the summons was not served when the Civil Practice Act took effect.

The defendant's right to present the objection that there is a defect of parties is not limited by rule 105 of the Rules of Civil Practice to twenty days from the service of the complaint, but the court may, in its discretion, under section 192 of the Civil Practice Act, entertain an objection that there is a defect of parties; what the defendant forfeits by not making the motion within the time limited by rule 105 is the right to have the application entertained as a matter of right.

A counterclaim cannot be successfully interposed in an action for an accounting which does not furnish a reason why an accounting should not be had, and, therefore, a counterclaim which merely presents an indebtedness against the plaintiff and in favor of the defendant will be stricken out.

MOTION to strike out answer of defendant A. B. Leach & Company, Inc.

*Duer, Strong & Whitehead* [*Selden Bacon* of counsel], for the plaintiff, for the motion.

*Earle & Hoar* [*Henry M. Earle* of counsel], for the defendant A. B. Leach & Company, Inc., opposed.

*May & Jacobson* [*Isaac N. Jacobson* of counsel], for the defendant Ernest T. Greiner.

TIERNEY, J.:

The action against the defendant A. B. Leach & Company, Inc., is for an accounting of property that was held by the defendant Greiner in a fiduciary relationship for the plaintiff's testator, as his agent, and transferred to A. B. Leach & Company, Inc., in disregard of the agent's duty. That defendant sets up a defense that the plaintiff has a sufficient remedy at law. That is a good defense to an action in equity unless the cause is one of which both law and equity have concurrent jurisdiction and the plaintiff may elect in which tribunal to prosecute his claim. I think that is the character of the plaintiff's cause of action and as it has elected to pursue the remedy of compelling an accounting it is no defense to plead that it might have pursued a remedy by a common law action. The defendant also pleads that the property did not belong to the plaintiff's testator but to other persons and that

the plaintiff is not the real party in interest. The parties have submitted arguments upon the merits of whether there are sufficient allegations to show that the other persons are necessary parties to a recovery against the defendant. It seems to me that the objection to this defense involves a matter of form rather than substance. The Civil Practice Act (§ 210) repeats the provision of section 449 of the Code of Civil Procedure that every action must be prosecuted in the name of the real party in interest. Under the Code practice the objection that the plaintiff was not the real party in interest was taken by demurrer if the defect appeared upon the face of the complaint (§ 488, subd. 6). If it did not so appear the objection was taken by answer (§ 498). If not taken by demurrer or answer it was waived (§ 499). Under this practice the objection constituted a defense. The Civil Practice Act has abolished this practice. It provides that no action shall be defeated by the non-joinder or misjoinder of parties (§ 192). The fact that the plaintiff is not the real party in interest no longer constitutes a defense. It is still an objection that may be availed of by the defendant but not as a defense that may defeat a recovery. The act provides (§ 192) that new parties may be added or substituted by order of the court at any stage of the cause as the ends of justice may require. Rule 102 provides that if there be a defect of parties plaintiff or parties defendant the court may order the party to serve such amended pleading as the nature of the case may require. This action was commenced against the original defendant prior to October 1, 1922. The defendant A. B. Leach & Company, Inc., was brought in as a party by a supplemental summons and complaint after that date. The cause of action in the original complaint did not involve or apply to said defendant. So far as said defendant is concerned the action was commenced after October 1, 1922, and is governed by the provisions of the Civil Practice Act (§ 1569). This is confirmed by section 1568, which provides that for the purpose of determining whether the Civil Practice Act applies to an action, it shall not be deemed to have been commenced if the summons has not been served on all the persons to be served. The defendant's right to present the objection that there is a defect of parties is not limited by rule 105 to twenty days from the service of the complaint. This rule prescribes that a motion under rule 102 must be made within that time. If so made the defendant has the right to have the objection passed on and its application for relief entertained. But the Civil Practice Act provides that the court may afford relief on such a ground at any stage of the cause (§ 192). This cannot be limited by a rule. What the defendant forfeits by not making the motion within the time

limited by rule 105 is the right to have its application entertained as a matter of right. If the application is made after the time, the court in the exercise of its discretion may entertain the motion or it may refuse to do so because of laches in making timely application or because the cause has reached a stage when the ends of justice require that it be not then entertained where a timely application might have been granted. The defendant has pleaded a counterclaim that the agent who is the original sole defendant is indebted to it. This is an action for an accounting. It is no defense to such an action that the settlement of the account may show a balance against the plaintiff. It is well settled that where a plaintiff invokes the jurisdiction of the court to settle an account he submits to the result if it be adverse and the defendant may have judgment for a balance established as an incident to the settlement of the account. That is involved in the character of the action. For that reason it is unnecessary and improper to plead any items that may be presented and determined upon the settlement of the account unless they furnish a reason why an accounting should not be had. The counterclaim presents no reason why an accounting should not be had and the account judicially settled. It constitutes no defense as against the plaintiff's right to an accounting and should be dismissed.

Let an order be settled on notice in accordance with these views.