# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK

---

GRACE VAN B. ROBERTS, Respondent, v. CHARLES HAYDEN and Others, Doing Business under the Firm Name and Style of HAYDEN, STONE & Co., Appellants.

Third Department, May 6, 1925.

Brokers — stockbrokers — action by client to recover damages and for accounting — notice of examination before trial of employee of defendants should have been vacated under Civil Practice Act, §§ 288 and 289 — motion to vacate notice of examination before trial of one of defendants was properly denied — subjects of examination limited — subpœna duces tecum limited.

In an action by a client of a stockbrokerage firm to recover damages based on losses sustained through bad advice given by the firm, and through their closing out certain stocks in violation of their agreement as to margins, and for excessive interest charges, in which the plaintiff demands an accounting, the notice for the examination of an employee of the defendants should have been vacated under sections 288 and 289 of the Civil Practice Act, since it appears that he is not a party and is a resident of the city of New York, resides less than 100 miles from the place of trial, that he is not without the State, or about to depart from the State, that he is not sick or infirm, and that no reason is shown why he will not be able to attend the trial. The examination cannot be had under section 289 of the Civil Practice Act on the theory that he is an employee of an unincorporated association, for the defendants are a simple partnership and not an unincorporated association within the meaning of the General Associations Law.

The motion to vacate the notice of the examination of one of the defendants before trial was properly denied, since his testimony in some of the respects named in the notice is material and necessary in the prosecution of the action, and it cannot be said that the examination is sought for the purpose of obtaining an accounting before the right thereto is shown, for the purpose of the examination is to. show the right to the accounting.

The subjects of the examination of the defendant specified in the notice of examination are limited. and likewise the subpœna duces tecum is limited to

an itemized and complete statement of interest rates paid by the defendants for moneys borrowed from the banks, out of which loans were made to plaintiff between certain dates, which will furnish the necessary information as to whether a rate of interest in excess of that agreed upon was charged.

APPEAL by the defendants, Charles Hayden and others, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Ulster on the 19th day of January, 1925, denying defendants' motion to vacate a notice for examination of a defendant and a witness before trial.

*Chadbourne, Stanchfield & Levy* [*Thomas L. Hughes* and *J. Arthur Leve* of counsel], for the appellants.

*Joseph M. Fowler* [*Alton B. Parker* and *J. Donald Duncan* of counsel], for the respondent.

VAN KIRK, J.:

Between 1916 and 1924 plaintiff had a margin account with Hayden, Stone & Co., brokers. She brought this action for losses which she claims to have suffered by breach of their contract. Three separate causes of action are stated:

The first is to recover for losses suffered through bad advice negligently and wrongfully given by defendants to plaintiff in respect to transactions in the stock of the Atlantic Gulf and West Indies Steamship Lines; following defendants' advice she purchased this stock above par, one hundred dollars, and sold it at between thirty dollars and thirty-one dollars per share.

For a second cause of action she alleges that she was absent from the United States during the spring of 1921; that the defendants agreed to protect her account during her absence; that, in violation of this agreement, they sold stocks for her account at a substantial loss, without her consent and against her instructions and without proper notice to her; that her margin at the time was sufficient, but that the defendants required a higher margin than is customary; that the amount of her margin had been greatly decreased by reason of the sales of the Atlantic Gulf and West Indies stock, due to the bad advice of the defendants.

For a third cause of action she alleges that defendants agreed to charge her six per cent interest on her balance covered by railroad collateral and five and one-half per cent on the remainder; that later defendant Hoyt agreed to charge her for interest one-half of one per cent in excess of the rates charged to defendants upon their loans obtained from banks in the city; they charged her interest greatly in excess of these agreed rates. She demands judgment for an accounting during the period she was a client of the firm, for restoration of her securities wrongfully sold by them,

for the amount of loss suffered by plaintiff due to the negligence and unauthorized acts of the defendants and for the balance found due. Plaintiff served a notice of taking the testimony of the defendant Richard F. Hoyt, one of the firm, and of Harold Keays, an employee of defendants. Defendants then moved to vacate this notice. From the order denying this motion this appeal is taken.

The motion should have been granted as to the witness Keays. (Civ. Prac. Act, §§ 288, 289; *Lovasz* v. *Fowler*, 209 App. Div. 169.) Keays is not a party and is a resident of the city of New York; there is no proof that he was about to depart from the State or that he is without the State; he does not reside at a greater distance from the place of trial than 100 miles; he is not sick or infirm, nor is it shown that for any reason he will be unable to attend the trial; and, therefore, no special circumstances sufficient to render it proper that his deposition should be taken have been shown. Plaintiff claims it may be taken under section 289 of the Civil Practice Act. The defendants are not a corporation or a joint stock association, or other unincorporated association. While the relations of the members of an unincorporated association are those of partners and the association is spoken of as a partnership, not all partnerships are unincorporated associations; it is only when a partnership has a president or a treasurer that it is deemed an association within the meaning of section 13 of the General Associations Law (as added by Laws of 1920, chap. 915) which was re-enacted from section 1919 of the Code of Civil Procedure.

The motion was properly denied as to the defendant Hoyt. He is a party to the action and his testimony in some of the respects named in the notice is material and necessary in the prosecution of the action. We do not think it can be said that the examination is sought in bad faith or for an ulterior purpose, or to obtain an accounting before a right thereto is shown. The purpose of the examination is to show the right to an accounting.

Six separately numbered matters or subjects of examination are specified in the notice:

1. A detailed statement of the purchases and sales by Hoyt of stock of the Atlantic Gulf and West Indies Steamship Lines between October 1, 1920, and December 31, 1921, the period within which stocks of this line were purchased and sold for plaintiff's account. The purpose under this specification is to show that the defendants did not in good faith give plaintiff honest advice and full information in connection with her dealing in this stock. If the defendant, during the period he or his firm was advising plaintiff to buy and hold the stock, was selling his stock

in this company, it would be argued that he concealed information from the plaintiff. If it should appear that Hoyt was, during this period, selling his stock, it would not be conclusive, but would be material evidence for plaintiff; the witness should of course be allowed to explain his reasons for selling if he sold as claimed by plaintiff.

2. " The margin requirements of defendants' firm." This is a broad and indefinite subject of inquiry. This inquiry should be limited to " The margin required of the plaintiff and whether or not such was the margin required at the time of other clients of the firm."

3. " The methods by which defendants' firm secures its information as to the financial condition of the companies whose securities were purchased or sold by plaintiff herein through said firm and in particular the organization of the defendants' statistical department." We think this is not material and necessary to plaintiff's case under the pleadings.

The three following specifications, with one exception stated below under 5, we deem material and necessary:

4. Any advice which Hoyt gave plaintiff with regard to the investments in her account during the period from October 1, 1920, to August, 1924.

5. " Any knowledge which said Richard F. Hoyt may have had during the period commencing October 1, 1920, and ending August, 1924, of the financial condition of the Atlantic Gulf and West Indies Steamship Co." Under this specification the examination should be limited to " January, 1922," which is the time of the sale of this stock for plaintiff's account.

6. Any statement which the said Richard F. Hoyt may have made and acts taken by said Hoyt with regard to the calculation of the interest and margin on plaintiff's account with the defendants during the said period October, 1920, to August, 1924.

In the subpoena *duces tecum* it is specified that the defendant Hoyt shall produce at his examination " an itemized and complete statement of the daily interest rates paid by the firm of Hayden, Stone & Co., for moneys borrowed by said firm and loaned to the plaintiff herein and all other customers of the said firm during the period from October 1, 1920, to August 31, 1924, inclusive, now in your custody and all other deeds, evidences and writings which you have in your custody or power concerning the premises." This as framed is a very burdensome and in part an unnecessary requirement. The purpose of it is to show that interest was charged against plaintiff in excess of one-half of one per cent over the rate for moneys borrowed from the banks of the city by the firm and

loaned to the plaintiff. It is a matter of common knowledge that " time " and " call " loans are constantly made in Wall Street. The rates of interest upon call loans are very irregular, depending upon the money supply on the particular day and time of day when the loan is sought. The rates upon time loans are less irregular. It appears in the record that regular monthly statements of her account were rendered to plaintiff, showing the rate of interest charged. This rate should be calculated upon the average daily rate for the month paid to the banks by the firm. The monthly statements will show whether or not a greater rate than six or five and a half per cent was charged to plaintiff's account during the period it is alleged the agreement for these rates prevailed. As to the period alleged to be covered by the later agreement as to interest charges evidence is material and necessary; under the complaint this inquiry involves " the rate charged to defendants upon their loans obtained from banks in the city of New York." We think this requirement in the subpœna should be limited to the following: " An itemized and complete statement of the interest rates paid by the firm of Hayden, Stone & Co. for moneys borrowed by it from the banks in the city of New York, out of which loans to plaintiff were made between October 1st, 1920, and August 31st, 1924, inclusive;" disregarding the words " now in your custody, and all other deeds, evidences and writings which you have in your custody or power concerning the premises." The respondents in their brief state that the subpœna merely requires defendant Hoyt to produce a true statement and does not require the production of books of account of the defendants.

The order should be reversed, without costs, and the motion granted as to Keays, without costs. As to Hoyt the order should be affirmed, without costs, but the notice to take testimony and the subpœna should be limited as above stated; and it should be further ordered that the deposition of the defendant Richard F. Hoyt be taken pursuant to the notice and the subpœna as above limited at the place and hour in the notice specified on the tenth day after service of notice of entry of the order in this court on defendants' attorneys.

All concur.

The order is reversed, without costs, and the motion granted, without costs, as to the witness Keays. The order is affirmed, without costs, as to the party Hoyt, but the notice of taking testimony is limited as follows: Subject No. 2 is limited to " the margin required of the plaintiff and whether or not such was the margin required at the time of other clients of the firm." Under

subject No. 3 evidence is not to be taken because not material and necessary. Under subject No. 5 the period is limited to January, 1922, instead of August, 1924. The requirement in the subpœna as to interest rates is limited to " an itemized and complete statement of the interest rates paid by the firm of Hayden, Stone & Co. for moneys borrowed by it from the banks in the city of New York out of which loans to plaintiff were made between October 1, 1920, and August 31, 1924, inclusive," disregarding the words " now in your custody, and all other deeds, evidences and writings which you have in your custody or power, concerning the premises." It is further ordered that the deposition of the defendant Richard F. Hoyt be taken pursuant to the notice and the subpœna as above limited at the place and hour in the notice specified on the tenth day after service of notice of entry of the order in this court on defendants' attorneys.