GEORGE P. LANGFORD, Respondent, *v.* LEVI A. FESSENDEN and Another, Appellants.

First Department, April 22, 1927.

**Fraudulent conveyances — judgment creditor's action to set aside conveyance by debtor to wife of interest in real property — conveyance was made after adverse decision in action against debtor and before judgment — evidence shows that conveyance was made to reimburse wife — conveyance should not have been set aside.**

In an action by a judgment creditor to set aside a conveyance by a judgment debtor to his wife of an undivided interest in real property, it appears that the conveyance was made after an adverse decision in the action against the husband but before the entry of judgment therein. While the mere fact that the conveyance was made after the court had decided adversely to the husband may arouse suspicion as to the good faith and honesty of the conveyance, it is not enough in and of itself to justify setting aside the conveyance in this action, for the evidence shows that the wife, who already owned a one-fifth interest in the real property, had assumed certain obligations of the husband, and that the conveyance in question was made for the purpose of reimbursing her for moneys which she had paid out for her husband, the judgment debtor.

APPEAL by the defendants, Levi A. Fessenden and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of August, 1926, upon the decision of the court rendered after a trial at the New York Special Term, as resettled by an order entered in said clerk's office on the same day.

The judgment adjudged that a conveyance, made by the defendant Levi A. Fessenden to the defendant Josephine R. Fessenden, by deed dated February 28, 1923, of an undivided thirteen and one-third per cent interest in three parcels of real property situate in the borough of Manhattan and theretofore owned by the defend--

ant Levi A. Fessenden, was made with intent to hinder, delay and defraud the plaintiff and was void as against said plaintiff. The judgment also set aside the conveyance and declared the same to be void as against the plaintiff.

*J. Ard Haughwout* of counsel [*Esselstyn & Haughwout*, attorneys for Levi A. Fessenden, and *Leverett J. Luce*, attorney for Josephine R. Fessenden] for the appellants.

*R. B. Knowles* of counsel [*Taylor, Knowles & Hack*, attorneys], for the respondent.

MERRELL, J. The plaintiff is a judgment creditor of the defendant Levi A. Fessenden and brought this action to set aside the said conveyance by the said defendant Fessenden to his said wife, the defendant Josephine R. Fessenden, of his thirteen and one-third per cent interest in said parcels of real property upon the ground that such conveyance of said undivided interest was made for the purpose of defrauding the plaintiff and hindering and delaying the plaintiff's collection of his said judgment. The real property in question was originally owned by the grandfather of the defendant Levi A. Fessenden. By the will of the grandfather the said parcels of real property, among others, were devised, subject to the life estate therein of the mother of the defendant Levi A. Fessenden, to the said defendant Levi A. Fessenden and two brothers and two sisters of said defendant, each to receive an undivided one-fifth share and interest in said parcels of real property. The evidence shows that following the death of the grandparent and until the present time the properties in question have been managed by the defendant Levi A. Fessenden, as agent for the various owners thereof, the said defendant renting the same and collecting the rents and income therefrom and, after paying the current running expenses of the properties, dividing the residue among those entitled thereto. In the year 1903 the defendant Levi A. Fessenden conveyed his one-fifth interest to his wife, the defendant Josephine R. Fessenden. The evidence shows that such conveyance was by way of gift and without other consideration than natural love and affection. Such conveyance, however, is not attacked in this action, and following such conveyance in 1903 the defendant Josephine R. Fessenden became the lawful owner of said one-fifth interest. In 1911 one of the owners in common of said real property, Emma A. Kissam, a sister of the defendant Levi A. Fessenden, died intestate and as a result thereof the defendant Levi A. Fessenden inherited a one-fourth share of a one-fifth interest of the said deceased sister in said real property, amounting to a one-twentieth interest therein. In 1913 Henry P.

Fessenden, another of the tenants in common of said real property and a brother of the defendant Levi A. Fessenden, died leaving a last will and testament wherein a one-twelfth interest therein was devised to the defendant Levi A. Fessenden. Through the combined interests thus received by inheritance from the deceased sister of said defendant and through the will of his brother, Henry P. Fessenden, the defendant Levi A. Fessenden became the owner of thirteen and one-third per cent of said real property. The evidence shows that thereafter the defendant Levi A. Fessenden continued as theretofore to manage the properties as agent for his surviving brother and sister and the defendant Josephine R. Fessenden, the owner of the original one-fifth interest of said property received by the defendant Levi A. Fessenden through his grandfather's will, and it further appears that while the thirteen and one-third per cent interest therein, which he received from his deceased brother and sister, was owned by the defendant Levi A. Fessenden, the income due to such undivided interest went into his common account as agent, and the income appears to have been distributed to the persons entitled thereto.

The evidence further shows that in 1900 or 1902 a mortgage for $17,000 was placed upon one of the parcels of real property for the benefit of the defendant Levi A. Fessenden, all of the owners of said real property joining in said mortgage, the avails of which were received by the defendant Levi A. Fessenden and none of which was received by the other owners of the property. The evidence also shows that in December, 1904, the said defendant Levi A. Fessenden applied to his said brother and sister and his said wife for assistance and a mortgage was executed by them for the sum of $16,000 upon another parcel of real property. The avails of this mortgage also went to the defendant Levi A. Fessenden. In 1909 the brothers and sisters of the defendant Levi A. Fessenden secured from the defendants herein an agreement on the part of the defendant Josephine R. Fessenden that, to the extent of four-fifths of the $16,000 mortgage and of the $17,000 mortgage above referred to, the same were declared liens upon the said real properties prior and superior to any claim or interest which the defendant Josephine R. Fessenden had or might thereafter acquire in any or all of said properties, and that on the sale of said properties or any of them four-fifths of said sums of $16,000 and $17,000 and interest thereon from the date of the execution of said agreement, unless previously paid by the said Levi A. Fessenden, should be first deducted and paid over to the said two brothers and two sisters of the defendant Levi A. Fessenden before any part of said proceeds should be assigned and paid over to the defendant Josephine

R. Fessenden, and, further, that until said four-fifths of the said sums and the interest thereon were fully paid unto the said brothers and sisters, the said Josephine R. Fessenden should not ask or demand any part of the proceeds of the sale of either of said properties. The evidence of the defendants herein, who were the only witnesses testifying upon the trial save a real estate expert, shows that following the acquisition by the defendant Levi A. Fessenden of the thirteen and one-third per cent interest of said parcels of real property, the defendant Josephine R. Fessenden, on many occasions, requested and finally demanded that the defendant Levi A. Fessenden convey to her the additional undivided interests which he had acquired through the death of his brother and sister, and finally on February 28, 1923, the conveyance sought to be set aside in this action was made, the deed thereof being executed on that day and on that day duly recorded in the office of the register of the county of New York. Five days prior to the execution of such conveyance and on February 23, 1923, in the action which resulted in the judgment obtained by plaintiff against the defendant Levi A. Fessenden, the justice at Special Term before whom said action was pending rendered an opinion in favor of the plaintiff and against the defendant Levi A. Fessenden in said action, holding that the said plaintiff was entitled to judgment against the said defendant in the sum of $13,262.42. (N. Y. L. J. Feb. 24, 1923.) On March 19, 1923, a judgment was entered in said action in favor of the plaintiff and against said defendant for $16,400.03. The defendant Fessenden appealed to this court from said judgment, and the judgment was, on appeal, reversed and modified and the matter sent to a referee to take and state the account between the plaintiff and said defendant. (See 208 App. Div. 315.) The referee found in favor of plaintiff and as a result thereof judgment was finally entered in favor of plaintiff and against the defendant Levi A. Fessenden on December 23, 1924, in the sum of $19,224.52. Execution on said judgment was duly issued and returned wholly unsatisfied, and said judgment remains wholly unpaid. Subsequently to the rendition of said judgment and the return of the execution unsatisfied, proceedings supplementary to execution were instituted by the judgment creditor against the defendant Levi A. Fessenden, and in said supplementary proceedings the defendant Josephine R. Fessenden was subpœnaed to testify as a witness. In said proceeding it was disclosed that the conveyance of said thirteen and one-third per cent undivided interest of said real property was made by the defendant Levi A. Fessenden to his wife on February 28, 1923, and immediately following the publication in the New York Law Journal of February

24, 1923, of the opinion of the justice presiding at Special Term holding that the plaintiff herein was entitled to judgment against the defendant Levi A. Fessenden.

The fact that the conveyance sought to be set aside herein was made at a time when a judgment in plaintiff's favor for a substantial amount was imminent was sufficient to arouse suspicion of the good faith and honesty of the conveyance by the defendant Levi A. Fessenden to his wife, and naturally prompted the plaintiff to bring action to set aside such conveyance as in fraud of his rights. The learned justice presiding at Special Term, in rendering his decision setting aside such conveyance, expressed himself as of the opinion that the conveyance by the defendant Levi A. Fessenden to his said wife was without consideration and was made for the purpose of hindering and delaying the plaintiff in the collection of his said judgment, and the justice below held that it was the clear intention of the husband to put his property out of the plaintiff's reach, and that the wife was fully aware of that intention.

While there is much to arouse suspicion as to the honesty of the transaction, yet we are of the opinion that the court below was unjustified, merely upon suspicion, in setting aside said conveyance. The evidence before the court falls far short of justifying the court's suspicion that the conveyance from Fessenden to his wife was without consideration and was made for the purpose of hindering and delaying the plaintiff in the collection of his judgment. Indeed, the undisputed evidence shows that the conveyance was upon full consideration and was made at the instance of the grantee to reimburse her for the husband's obligations which she assumed. While the original conveyance by the defendant to his wife of an undivided one-fifth interest in the real estate in question was without money consideration, nevertheless, the defendant Fessenden had a legal right to make a gift of said interest to his wife. The conveyance thereof is not here attacked. Thereupon she became the owner of a one-fifth interest in said property. For the benefit of her husband she thereafter incumbered her said interest, and the conveyance of the interest attacked in this action was, under the evidence, made for the purpose of reimbursing her for her moneys which she had paid out for her said husband. The fact that the conveyance here attacked was made while a judgment against the defendant grantor in a substantial amount was impending, we do not deem sufficient to justify the setting aside of such conveyance, in view of the undisputed testimony in the case.

We are, therefore, of the opinion that the conclusion reached by the trial court, that such conveyance was made for the purpose of

hindering and delaying the plaintiff in the collection of his judgment and without consideration therefor, is entirely unsupported by the evidence in the case, and that, therefore, upon new findings of fact, the judgment appealed from should be reversed and the complaint dismissed, without costs to either party as against the other.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and complaint dismissed, without costs to either party as against the other.   Settle order on notice.