I. Newton Brozan, Plaintiff, *v.* Gus K. Worms and Others, Defendants.

Supreme Court, New York County, November 25, 1930.

*Philip Bongiorno*, for the plaintiff.

*Bovier & Beale* [*B. F. Norris* of counsel], for the defendants.

HAMMER, J. Plaintiff purchased certain stock on margin through defendants, who are stockbrokers. The complaint alleges that defendants had $3,600 of plaintiff's money, and on October 24, 1929, claimed and represented that they held for plaintiff's account certain shares of stock which on October 25, 1929, plaintiff instructed defendants to sell, and which defendants failed and neglected to sell.

It is further alleged that on October 30, 1929, the defendants claimed they sold such stocks on that day and plaintiff's money was thereby applied and exhausted. The complaint demands judgment that defendants render a just and full accounting of the plaintiff's moneys received and disposed of *and that plaintiff have judgment against the defendants for any sum or balance found to be due from the defendants.*

The answer denies the above, and for a separate defense sets up that on October 30, 1929, under a written agreement between the parties the value of plaintiff's securities being less than 110 per cent of the debit balance owned by plaintiff the securities were sold by defendants, resulting in a credit balance to plaintiff which was tendered to him in the amount of $101.02.

Upon the issues raised the action came on for trial in equity at Special Term for Trials. Plaintiff in his case gave proof tending to substantiate his complaint and offered in evidence a statement received by him from the defendants, giving a statement between the dates of September 30, 1929, and October 31, 1929, containing description and dates of stock bought and sold, and the price, debit, credit and balance due, in which appears the very stock specifically set forth in the complaint. At the end of plaintiff's case the defendants moved for dismissal upon the ground that the statement offered by plaintiff constituted an account stated between the parties, and that plaintiff had that which he sought in this action in equity, *i. e.*, an accounting, and the action, in consequence, was really one at law for damages upon the claim of plaintiff, disputed by defendants, that the defendants failed and neglected to execute plaintiff's instructions to sell the stock in question on October 25, 1929.

The motion was denied. Defendants thereupon rested their case without offering further evidence, renewed the motion to dismiss and requested time to submit authorities. Decision was reserved.

In *Haight* v. *Haight & Freese Co.* (112 App. Div. 475; affd., without opinion, 190 N. Y. 540) it was held (headnote) that " When one advances money to stockbrokers to invest in securities, the relation is fiduciary and equity will take jurisdiction of an action brought against the brokers for an accounting."

The opinion (at p. 479) stated: " It is alleged in the complaint and admitted in the answer that the plaintiff deposited with the defendant various sums of money to be used in the purchase of securities, the defendant to hold the securities purchased to secure the purchase price over and above that furnished by the plaintiff. There was thus, I think, established a relation which was fiduciary in its nature and which entitled the plaintiff to resort to a court of equity to require the defendant to account for the money which the defendant has received and as to the disposition that he had made of it and thus to adjust the accounts between the parties and determine the balance due from one to the other." (See, also, *People* v. *Meadows*, 199 N. Y. 1; *Marvin* v. *Brooks*, 94 id. 71; *Roberts* v. *Hayden*, 213 App. Div. 1; *McDonogh* v. *Paine*, 212 id. 572; *Lipken* v. *Krinski*, 192 App. Div. 257; *Spier* v. *Hyde*, 92 id. 467; *Jordan* v. *Underhill*, 91 id. 124.)

In addition to a cause of action in equity for an accounting the complaint appears to contain and the testimony adduced at the trial shows facts which give rise to an action at law for damages arising out of plaintiff's claim that defendants failed or neglected to execute his instructions of October 25, 1929, to sell the stock in question.

In *Saperstein* v. *Mechanics & Farmers Savings Bank* (228 N. Y. 257, 262) it is stated: " Under the Code practice in this state the rule has been altered to this extent. If a purely equitable action has been pleaded it still prevails. If, however, in addition to this equitable cause of action the facts as stated give rise to a legal liability then there should be no dismissal; the action remains to be tried. (*Sternberger* v. *McGovern*, 56 N. Y. 12; *Margraf* v. *Muir*, 57 N. Y. 155; *Haffey* v. *Lynch*, 143 N. Y. 241; *Ohl & Co.* v. *Standard Steel Sections, Inc.*, 179 App. Div. 637.) " (See, also, *Gilbert* v. *Bunnell*, 92 App. Div. 284; *Chinchin* v. *Katzman*, 89 id. 595.)

Furthermore, it has been held that where the cause is one of which both law and equity have concurrent jurisdiction it is no defense to an action for an accounting that the plaintiff might have pursued its remedy at law. (*U. S. Trust Co.* v. *Greiner*, 124 Misc. 458.)

Under the ruling here we are not concerned with the law action

or the sufficiency of the complaint in respect to same, but reference is made thereto for the reason that it would appear that in no event could defendants' motion for dismissal be granted.

Plaintiff's evidence that he disputed the account sent by defendants and charged that they neglected or failed to his loss to execute his instructions to sell on October twenty-fifth, shows *prima facie* that the minds of the parties did not meet upon the items and concur upon the final amount stated as an adjustment between them so that a promise to pay could be implied. That statement, accordingly, was not an account stated.

The court in *Lockwood* v. *Thorne* (18 N. Y. 285, 288, 289) said: " The minds of the parties must meet upon the allowance of each item or claim allowed, and upon the disallowance of each item or claim rejected. They must mutually concur upon the final adjustment and nothing short of this in substance will fix and adjust their respective demands as an account stated. * * * And, as the minds of both parties are supposed to meet and concur, it must necessarily be competent to show how the party rendering the account understood the transaction. If the evidence should show clearly that he did not understand that there had been any final adjustment of their respective demands between them, it would be strange, indeed, if the courts should disregard the understanding of the parties themselves, and decree an adjustment between them contrary to their own understanding in the matter." Further, in *Newburger-Morris Co.* v. *Talcott* (219 N. Y. 505, 512) it is stated: " But the very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent*, so that an action to recover the balance upon an implied promise of payment may thenceforth be maintained. (*Volkening* v. *De Graaf*, 81 N. Y. 268, 271.) " (See, also, *Schultz* v. *Morette*, 146 id. 137; *McAveigh* v. *Pelham Park, etc.*, 120 N. Y. Supp. 102; *Twigg* v. *Twigg*, 117 Misc. 154; affd., 202 App. Div. 729; *Doubleday, Page & Co.* v. *Shumaker*, 60 Misc. 227; *Watson* v. *Gillespie*, 205 App. Div. 613.)

The rule was stated in *Guernsey* v. *Rexford* (headnote) (63 N. Y. 631) that " the mere rendering of an account does not make it an account stated, and an omission to object to it raises only a presumption of assent, which may be rebutted by circumstances tending to a contrary inference." (See, also, *Stenton* v. *Jerome*, 54 N. Y. 480; *Egner* v. *Strong*, 98 N. Y. Supp. 753.)

In *Jordan* v. *Underhill* (91 App. Div. 124),— quoting from *Frethey* v. *Durant* (24 id. 58), the court stated: " ' It is not necessary in such a case as this that the plaintiff should show that there will be something found due to her on the accounting. That fact can never

be known with certainty until the account has been taken.'" The court further states: "* * * While it is true that the accounts purport to be a statement of all of the dealings with the property showing that the plaintiffs have received the benefits of such dealing and of all of the property which came to the agent's hands, yet, nevertheless, the plaintiffs do not know except from this statement of the accounts what the real facts are. Such facts they have a right to have disclosed in the fullest manner, and in order to accomplish such result they became entitled to examine the trustee under oath to the fullest extent, as in no other way can the facts be arrived at with absolute certainty and to such certainty the *cestui qui* trust is entitled."

Defendant's contention that there is only one item consisting of plaintiff's claimed loss arising out of the allegation that defendants failed or neglected to sell as instructed, and that plaintiff is, therefore, relegated to an action at law is untenable. While it has been held that an "account stated" may consist of a single item (*Stein* v. *Stein*, 140 App. Div. 306; *Benjamin* v. *Levy*, 176 N. Y. Supp. 454), nevertheless, where the relationship is fiduciary in character, as here, an equitable action to compel an accounting for all moneys, securities and transactions, including those known and not disputed, and also the single item in dispute, is proper. The defendants had the securities in their possession under the relationship, contractual and fiduciary. Plaintiff was not entitled to sell the stock directly. He could act only through defendants. His *prima facie* case shows that he gave instructions to sell and requested that defendants account to him therefor. He is entitled to such accounting, and, if he ultimately succeeds, to judgment therein for the difference between the cost of the stock, with interest thereon, and its market value at the time of the failure or neglect to sell as instructed.

In *Marston* v. *Gould* (69 N. Y. 220, 225) it was stated: "* * * the relation between them was * * * confidential and fiduciary * * * and by analogy the same remedy in equity may be had for a violation of the trust by either, and a misappropriation or diversion of the stock or funds * * *. The action of the plaintiff was not therefore misconceived, whether it be regarded as an action for an accounting and a distribution of the profits, or for the adjustment of losses sustained by the misconduct of the defendant." And at pages 226, 227: "By arrangement, the account of the dealings was to be kept by the brokers through whom the purchases and sales were made. * * * that account was closed by the transfer of the shares represented by it to the general account of the defendant under his proper name.

" It does not appear that the stock itself or the certificates thereof were disturbed, or that the brokers had not at all times the full number of shares purchased, ready to respond to any call upon them by the parties to this action, or that their stock could not be traced or readily identified.

" They were not required to keep the identical certificates for the shares taken in for these parties, distinct from all other stock of the same kind. (*Horton* v. *Morgan*, 19 N. Y. 170; *Stewart* v. *Drake*, 46 id. 449.) In January there was a sudden and unanticipated rise in the market price of the stock, and it could then be sold at a large advance upon the cost price thereof, and the accumulated interest.

" The plaintiff then made a formal call upon the defendant to sell the stock and account to him for his portion of the profits. The defendant did not comply with this request, and paid no attention to it, and after waiting a reasonable time this action was brought, in which the plaintiff has recovered the difference between the cost of the stock, and the interest thereon and the market value at the time of the demand.

" The recovery is upon the theory that the stock was still in the possession of the brokers by whose agency it was purchased, not having been sold, and that it was the duty of the defendant to sell upon the request of the plaintiff."

This case is clear authority for the above proposition, but was reversed upon other grounds as stated on page 229.

In *Langford* v. *Fessenden* (208 App. Div. 315, 316) it was stated: " Upon the trial the only question really litigated was whether the plaintiff had authorized the defendant to buy a total of 250 shares as contended by the plaintiff or 400 shares as contended by the defendant. In support of this contention on this issue, the defendant produced a statement of account made up upon the basis of his contention that the plaintiff had ordered the purchase of 400 shares. * * * It is clear that the plaintiff was entitled to an accounting." The judgment was reversed for the reason that the court rendered a final judgment and interlocutory judgment for accounting was ordered.

Defendants' motion for a dismissal made at the end of the entire case, decision upon which was reserved, is accordingly denied, with exception to defendants. I find that the plaintiff is entitled to an accounting. I am not, however, passing upon the ultimate merits of plaintiff's claim that he instructed defendants to sell and that they failed or neglected to execute his instructions. This, it seems to me, is a matter which must be tried out and determined upon the accounting.

Submit interlocutory judgment on notice.