therefrom. The income from the gifts continues to be required for the respondent's operations. If the respondent is unable to obtain additional income from other sources for its growing needs, operations will have to be curtailed. Invasion of the principal of the gifts, contrary to the donors' intentions, would simply aggravate respondent's problems. It would not provide a solution. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

GUSSIE KREITZMAN et al., Respondents, v. JACOB J. GREENBAUM, Appellant.— In an action to recover damages for personal injuries suffered by plaintiff wife, and by her husband for expenses and loss of services, an order was made directing that the defendant be examined through an employee. Order reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to plaintiffs moving to examine the superintendent as a witness, if they be so advised. An individual defendant may not be examined as an adverse party through his employee. (Rothstein v. De Simone, 267 App. Div. 771; Cole v. 1400 Broadway Corp., 267 App. Div. 93; Roberts v. Hayden, 213 App. Div. 1.) Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT ALTRUDA, True Name UMBERTO ALTRUDA, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of the crime of robbery in the first degree, and "from all intermediate orders made herein". Judgment unanimously affirmed. No opinion. Appeal from orders dismissed. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK DEMBIA, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of the crime of robbery in the first degree, and "from all intermediate orders made herein". Judgment unanimously affirmed. No opinion. Appeal from orders dismissed. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM GOLD, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving the scene of an accident without reporting), reversed on the law and the facts, the information dismissed, the fine remitted and the revocation of license vacated. Appeal from order dismissed. Upon the credible evidence in this record it may not be said that the guilt of the defendant was established beyond a reasonable doubt, as required by law. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS SOVIERO, Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him of the crime of robbery in the first degree. Judgment unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THIRD DEPARTMENT, MAY, 1945.

(May 9, 1945.)

In the Matter of the Claim of HAZEL SHEPPARD, Respondent, against ALBERT J. DEMPS et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion