Henry A. Hudson, J.
This is a motion made by tbe plaintiff to strike out six separate and distinct defenses wbicb were set up in tbe defendant’s answer.
*738 The action was instituted by the plaintiff to set aside, upon the ground of fraud, a trust agreement entered into between the plaintiff and predecessor trustee on February 21, 1947. In addition to a general denial six separate defenses were raised in the answer of the defendant. The first separate defense is set forth in the “ seventh ” paragraph of the answer as follows: “ That the plaintiff is not qualified to testify, or competent to testify by reason of the Provisions of Section 347 of the Civil Practice Act and, as a consequence thereof, is not in a position to sustain the cause of action, if any, alleged in the complaint herein. ” I do not feel that this a proper defense. There are other ways of proving the allegations of the complaint other than the testimony of the plaintiff and the question of whether or not the plaintiff- is qualified pursuant to section 347 would, it seems to me, be a question to be passed upon by the Trial Judge at the time any evidence involving the same is offered. The plaintiff’s motion to dismiss the first separate defense is, therefore granted.
The second separate defense is contained in paragraph “eighth” of the answer and reads as follows: “That the Trust created by Exhibit ‘ A ’ and modified by Exhibit ‘ B ’ which are attached to the complaint herein, consists of stocks which did not constitute assets of the estate of Edward B. Eldredge, deceased as no delivery was ever made of said stocks to Edward B. Eldredge during his life time and, as a consequence thereof, there was no gift of said securities or stock.” It seems to me that this defense involves a question of proof on the part of the defendant. It may well be that if the facts alleged in paragraph ‘ ‘ eighth ’ ’ of the answer can be established, they would constitute a defense to be passed upon either by the court or jury. The plaintiff’s motion in respect to the second separate defense is therefore denied.
The third separate defense is contained in paragraph “ ninth ” of the answer and reads as follows: “ That all the terms of the Trust Agreement, Exhibit ‘ A ’, and the modification thereof, Exhibit ‘ B ’ have been fully performed and complied with by the original trustee, Allan M. Eldredge, and his successor trustee, Frank A. Eldredge, and the plaintiff has received the income from said Trust and an accounting thereof.” I believe that this defense is fully covered by the general denial contained in the answer and that it is merely a repetition thereof. Plaintiff’s motion to strike out the third separate defense is, therefore, granted.
The fourth separate defense is set forth in paragraph “ tenth ” of the answer and reads as follows: “ That Frank A. *739 Eldredge, individually is not a proper, or real party in interest.” It is urged by the defendant that this defense is proper by reason of the provisions of section 192 and subdivisions 1 and 2 of section 193 of the Civil Practice Act and subdivision 2 of rule 102 of the Rules of Civil Practice. I am of the opinion that these sections require a defendant, in order to avail himself of the fact that a party is not a proper or real party in interest, to raise the question by motion and that it does not constitute a defense. (United States Trust Co. v. Greiner, 124 Misc. 458.) The motion of the plaintiff in respect to the fourth separate defense is, therefore, granted.
The fifth separate defense is set forth in paragraph “ eleventh ” of the answer and reads as follows: “ That the cause of Action alleged in the complaint, if any, did not accrue within six years from the commencement thereof and, as a consequence thereof, is barred by reason of the Statute of Limitations.” If a defendant desires to raise the Statute of Limitations as a defense, it is not only proper but necessary for him to do so in his answer. I am of the opinion that this defense is a good defense, if it can be established. The plaintiff’s motion to dismiss the fifth separate defense is, therefore, denied.
The sixth separate defense is set forth in paragraph “twelfth” of the answer and reads as follows: “ That the complaint herein fails to state facts sufficient to constitute a cause of action as it does not name as party defendants the real parties in interest.” The defendant has also urged that section 192 and subdivisions 1 and 2 of section 193 of the Civil Practice Act and subdivision 2 of rule 102 of the Rules of Civil Practice authorize this defense. I am of the opinion, for the same reasons I have expressed as to the fourth separate defense, that the ‘ ‘ twelfth ’ ’ allegation of the answer does not constitute a good defense but that the defendant is relegated to make the appropriate motion to obtain the relief sought for under this separate defense. I believe also that the case of United States Trust Co. v. Greiner (124 Misc. 458, supra) applies in this instance. The plaintiff’s motion in respect to the sixth separate defense is, therefore, granted.
In considering this motion I have granted the same in respect to four of the separate defenses and denied the same as to two. In view of this action, I believe that the plaintiff should be entitled to a total of $10 costs on the motion.
Order accordingly.